## M'COY vs. SKINNER.

Parole evidence cannot be received, of any interest of, in, or out of, Lands.

EJECTMENT.

The plaintiff produced a patent from the United States, to him, of
the land in question.   The defendant then offered to prove, by parole,
that by an agreement between himself and the plaintiff, made since
the 1st of June 1810, he had a right to hold possession of the land.

HALLOCK, for plaintiff.

WRIGHT, for defendant.

PRESIDENT.—In the "act for the prevention of frauds and per-
juries," section 4th, it is enacted, "that no leases, estates, or interests,
either of freehold, or terms for years, or any uncertain interests of, in,
or out of, lands, tenements, or hereditaments, shall at any time here-
after be assigned or granted, unless it be by deed or notice in writing,
signed by the party so assigning or granting the same, or their agents

JEFFERSON.
December 1816

M'Coy
v.
Skinner.

thereunto lawfully authorised by writing, or by act and operation of law." Although this section is copied almost verbatim, from stat. 29th, Car, 2d, ch. 3d, sec. 3d, yet there is a material difference between the two statutes. The English statute expressly recognizing the validity of parole leases, and excepting them out of the operation of it; and our statute, declaring that no such leases shall be made, without any exception or qualification whatever. So that, in determining the correct construction of this act, we may not expect any aid from decisions upon the English statute.

The defendant claims to hold possession of this land by virtue of a parole contract. The statute declares that no interest in or out of land, shall be assigned or granted, unless by deed or note in writing. This is a clear and unambiguous declaration, that a sale or lease of lands shall not be made by parole. The courts in this state, are then bound to consider all such contracts as mere naked agreements, or perhaps there would be greater correctness in considering the statute as giving a rule of evidence, to govern in all cases where the right to possess real estate is in question; and so considering it, we may not receive other than written evidence of such right.

Verdict for plaintiff.